AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | (For Offenses Committed On or After November 1, 1987) |
| ALEJANDRO CORNEJO (1) | |

Case Number:   3:24-CR-01523-RSH

Russell Sheridan Babcock
Defendant's Attorney

**USM Number**       23483511

☐ -

THE DEFENDANT:

☒ pleaded guilty to count(s)      1 of the Superseding Information

☐ was found guilty on count(s)

after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 18:371 - Conspiracy | 1 |

The defendant is sentenced as provided in pages 2 through **5** of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s)  Remaining counts   are   dismissed on the motion of the United States.

☒ Assessment : $25.00 imposed

-

☐ JVTA Assessment*: $

-

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ No fine        ☒ Forfeiture pursuant to order filed    11/7/2024          , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

November 8, 2024
Date of Imposition of Sentence

HON. ROBERT S. HUIE
UNITED STATES DISTRICT JUDGE

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | Alejandro Cornejo (1) | Judgment - Page **2** of 5 |
| CASE NUMBER: | 3:24-CR-01523-RSH | |

## PROBATION

The defendant is hereby sentenced to probation for a term of:
1 year

## MANDATORY CONDITIONS

1.  The defendant must not commit another federal, state or local crime.
2.  The defendant must not unlawfully possess a controlled substance.
3.  The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.

    ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4.  ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5.  ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6.  ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7.  ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)
8.  The defendant must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9.  If this judgment imposes a fine, the defendant must pay in accordance with the Fine sheet of this judgment.
10. The defendant must notify the court of any material change in their economic circumstances that might affect their ability to pay restitution, fines, or special assessments.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

3:24-CR-01523-RSH

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | Alejandro Cornejo (1) | Judgment - Page **3** of 5 |
| CASE NUMBER: | 3:24-CR-01523-RSH | |

## STANDARD CONDITIONS OF PROBATION

As part of the defendant's probation, the defendant must comply with the following standard conditions of supervision. These conditions are imposed   because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation   officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

3:24-CR-01523-RSH

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | Alejandro Cornejo (1) | Judgment - Page **4** of 5 |
| CASE NUMBER: | 3:24-CR-01523-RSH | |

## SPECIAL CONDITIONS OF PROBATION

1. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

2. Submit your person, property, house, residence, vehicle, papers, [computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The offender must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the offender has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

//

AO 245S (CASD Rev. 08/13) Judgment in a Criminal Case

DEFENDANT: Alejandro Cornejo (1)                                              Judgment - Page 5 of 5
CASE NUMBER: 3:24-CR-01523-RSH

## RESTITUTION

The defendant shall pay restitution in the amount of    $14,561.00

Payment of restitution shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order referencing the criminal case number and made payable to the "Clerk, United States District Court."

Recipient
NFC Collections Section
Attn: DOJ Restitution
FP&F 2024250400127701
P.O. Box 68907
Indianapolis, IN 46268

AO 245S (CASD Rev. 08/13) Judgment in a Criminal Case

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10    UNITED STATES OF AMERICA,                Case No.  24-CR-1523-RSH

11                    Plaintiff,               PRELIMINARY ORDER OF
                                               CRIMINAL FORFEITURE
12         v.

13    ALEJANDRO CORNEJO,

14                    Defendant.

15

16         WHEREAS, on or about September 30, 2024, Defendant pled guilty before

17    District Judge Robert S. Huie to the Count 1 of the Superseding Information, and

18    agreed pursuant to Title 19, United States Code, Sections 1436,1607-1609 and Title 28,

19    United States Code, Section 2461(c) to forfeit all specific properties seized in

20    connection with this case, which defendant admitted represented property introduced

21    into the United States contrary to law; the property to be forfeited includes but is not

22    limited to the following:

23         a.    Eight (8) Cylinders of hydrofluorocarbon 410A (R-410A");

24         b.    Four (4) Cylinders of hydrochlorofluorocarbon 22 ("HCFC-22"); and

25         WHEREAS, by virtue of the facts set forth in the plea agreement and financial

26    addendum, the Court finds that the United States has established the requisite nexus

27    between the forfeited specific properties and the offenses; and,

28

1        WHEREAS, by virtue of said guilty plea, the United States is now entitled to

2 possession of the above- referenced specific properties, pursuant to Title 19, United

3 States Code, Sections 1436, 1607-1609, Title 28, United States Code, Section 2461(c),

4 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and,

5        WHEREAS, pursuant to Rule 32.2(b), the United States having requested the

6 authority to take custody of the above-referenced specific properties which are hereby

7 found forfeitable by the Court; and

8        WHEREAS, the United States, having submitted the Order herein to the

9 Defendant through his attorney of record, to review, and no objections having been

10 received;

11        Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

12        1.     Based upon the guilty plea of the Defendant to Count 1 of the Superseding

13 Information, the United States is hereby authorized to take custody and control of the

14 following specific properties, and all right, title and interest of Defendant

15 ALEJANDRO CORNEJO in the following specific properties are hereby forfeited to

16 the United States pursuant to Title 19, United States Code, Sections 1436, 1607-1609

17 and Title 28, United States Code, Section 2461(c) for disposition in accordance with

18 the law, subject to the provisions of 21 U.S.C. § 853(n):

19        a.     Eight (8) Cylinders of hydrofluorocarbon 410A (R-410A"); and

20        b.     Four (4) Cylinders of hydrochlorofluorocarbon 22 ("HCFC-22").

21        2.     The aforementioned forfeited assets are to be held by the Environmental

22 Protection Agency in its secure custody and control.

23        3.     Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to

24 begin proceedings consistent with any statutory requirements pertaining to ancillary

25 hearings and rights of third parties. The Court shall conduct ancillary proceedings as

26 the Court deems appropriate only upon the receipt of timely third-party petitions filed

27 with the Court and served upon the United States. The Court may determine any

28 petition without the need for further hearings upon the receipt of the Government's

1    response to any petition. The Court may enter an amended order without further notice
2    to the parties.

3          4.     Pursuant to the Attorney General's authority under Section 853(n)(1) of
4    Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the
5    Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions,
6    the United States forthwith shall publish for thirty (30) consecutive days on the
7    Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of
8    the United States' intent to dispose of the specific properties in such manner as the
9    Attorney General may direct, and notice that any person, other than the Defendant,
10   having or claiming a legal interest in the above-listed forfeited specific properties must
11   file a petition with the Court within thirty (30) days of the final publication of notice
12   or of receipt of actual notice, whichever is earlier.

13         5.     This notice shall state that the petition shall be for a hearing to adjudicate
14   the validity of the petitioner's alleged interest in the specific properties, shall be signed
15   by the petitioner under penalty of perjury, and shall set forth the nature and extent of
16   the petitioner's right, title, or interest in the forfeited specific properties and any
17   additional facts supporting the petitioner's claim and the relief sought.

18         6.     Upon adjudication of all third-party interests, this Court will enter an
19   Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the
20   aforementioned assets, in which all interests will be addressed.

21         7.     Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final
22   as to the Defendant at the time of sentencing and is part of the sentence and included
23   in the judgement.

24         8.     This order shall be incorporated and included as part of the judgment in
25   this case when Defendant is sentenced.

26        DATED: 11/07/24

27

                         *Robert S. Huie*

                      _____
28                         Honorable Robert S. Huie
                      United States District Judge

                         - 3 -               24-CR-1523-RSH